IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARY MCLEOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No.:2:12cv782-WHA |
| UNITED STATES OF AMERICA, | ) | (wo) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion to Dismiss (Doc. #8), filed by the United States.

The Plaintiff, Mary McLeod ("McLeod"), filed a Complaint in this case on September 10, 2012 bringing a Federal Tort Claims Act ("FTCA") claim. The claim arises from an injury which occurred on September 10, 2010. The United States has asked the court to dismiss McLeod's Complaint on the ground that she did not timely exhaust her mandatory administrative remedies under the FTCA.

The United States is immune from suit, unless it has consented to be sued. The scope of the United States's consent under the FTCA is confined to a limited waiver of immunity, which has procedural prerequisites. *See* 28 U.S.C. § 1346(b); 2675(a). To proceed with a claim under the FTCA, a plaintiff must present a claim to the appropriate federal agency within two years from the time the claim accrues, and cannot file a lawsuit in federal court until the agency either denies the claim, or six months have passed since the claim was filed. *Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).

The United States argues that McLeod's claim was not timely filed because it accrued

when she was injured, but the United States did not receive a valid claim until September 14, 2012. Furthermore, the United States argues, McLeod filed suit in federal court before the United States received her administrative claim, and did not wait the requisite six months.

In response to the United States's argument that her lawsuit was filed prematurely, McLeod requests that this court dismiss the case without prejudice to allow the United States the opportunity to review her claim and to make a final disposition within six months of her having filed the claim.

In response to the argument that she failed to timely file her administrative claim, McLeod also has argued that the United States should not be able to manipulate the acceptance of the Notice of Claim in a timely fashion. The court construed this argument as an argument for equitable estoppel and requested additional briefing from the United States.

Upon review of the United States's response, while the court has some concerns about applying equitable estoppel in this case, it appears to the court that, regardless of when the administrative claim was presented or deemed presented, McLeod did not wait the requisite six months after that to file her federal lawsuit. Therefore, the case is due to be dismissed for failure to comply with the six months period, and equitable estoppel is an issue which cannot be addressed at this time. The court will dismiss the Complaint without prejudice for disposition of McLeod's claim by the United States.

Accordingly, because McLeod filed a claim, but failed to wait to file suit until the United States either denied her claim or failed to make final disposition of that claim within six months, the Motion to Dismiss (Doc. #8) is ORDERED GRANTED and the Complaint is DISMISSED without prejudice.

Done this 9th day of January, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE